## STATE *v.* W. HAMPTON, Collector, et al.

When the sureties on a Tax Collector's bond obligate themselves, each for a specific sum, the State is entitled, in case the Collector becomes a defaulter, to a judgment against each surety for the whole amount for which he is bound, although more than the amount due the State by the principal in the bond cannot be collected from his sureties.

Under a bond of a Sheriff and Tax Collector, conditioned that he shall collect and pay over " all the State, mill and poll taxes, together with all fines," &c., according to law—*Held:* The surety is liable for the amount of licenses for which the Sheriff is defaulter.

It is not necessary to put a Tax Collector formally in default, to enable the State to recover the two per cent. per month interest, which is the penalty by law for the non-payment of the taxes to the State by the Collector.

APPEAL from the District Court of the Parish of Franklin, *Mayo*, J.

*M. A. Jones*, for plaintiff. *McGuire & Ray*, for defendants and appellants.

COLE, J. This is an action instituted by the State against *W. Hampton*, Sheriff and Tax Collector, and his securities upon his bond for taxes for 1853, and for licenses for 1854. The amount of the bond is $4,628 93.

There was judgment against the principal for $3,964 47, with two per cent. per month thereon, from the 1st of December, 1854, and against the securities, each for the amount he bound himself for in the bond. Defendants have appealed ; they urge various errors.

1. It is not a valid objection that the total amount of the judgment against the securities, exceeds that against the principal upon his bond of State Tax Collector. In this bond, each of the securities obligated himself for a specific sum; and for that sum bound himself to guaranty the State against loss from the infidelity of her officer, and the State is entitled to a judgment against each, although she cannot collect from the securities more than that due by the principal.

If the State could only have a proportionate judgment against each, according to the amount of the defalcation of the Tax Collector, then the condition of the bond would not be accomplished; for each has bound himself to pay a specific sum in case the officer should not fulfill his duties, and be a defaulter, to the amount of that specific sum. Each having so bound himself, the State cannot be deprived of a judgment against each for that amount. Sess. Acts of 1855, p. 82, § 5.

Otherwise, the State might lose, and the condition of the bond would not be accomplished. For if the securities on a Tax Collector's bond are entitled to have a deduction made from each specific sum for which each has subscribed the bond, so that the total amount of the liability of all of the securities should be only equal to the amount of the defalcation of the officer; then if only half of the securities were solvent, and the principal were insolvent, the State would lose one-half of the defalcation, and the securities would not have complied with their obligations, for the obligation of each is that he shall protect the State from loss to the amount for which he has signed the bond. *Copely* v. *Dinkgrave*, 7 An. 595; *State* v. *Breed*, 10 An. 492.

2. It is contended that the securities are not bound for the amount of the licenses for which the Sheriff is a defaulter, because they did not stipulate so. in their bond. The condition of the bond was, that *Hampton*, as State Tax Collector for the parish of Franklin, should collect and pay to the proper authorities, all the State, mill and poll taxes due in and for the parish of Franklin, for the year 1853, together with all fines, &c., according to law.

Licenses may be considered as taxes within the meaning and intent of this bond; besides the 70th section of the Act relative to "Revenue," uses the word taxes as synonymous with licenses. It is as follows:

"On or before the first day of December, annually, the several Tax Collectors shall make their final payments into the Treasury for the *taxes* due on the *rolls*, and on *trades*, *professions* and *occupations*, and *all other objects* due in said year." Rev. Stat. p. 474, § 70.

3. The judgment is correct in charging *Hampton*, the principal in the bond, two per cent. per month on the amount of the judgment, from the 1st of December, 1854, the day when the amount of the taxes became due.

There is no necessity of putting the Tax Collector formally in default. The 71st section of said Act provides, that interest at the rate of two per cent. per month, shall be charged against the Tax Collector on the sum withheld, to be computed from the time the same ought to have been paid, until actual payment. Sec. 71, Rev. Stat. p. 474.

Judgment affirmed, with costs.